### METAL EXCHANGE CORPORATION, A Corporation, Plaintiff-Respondent,

v.

### John J. GLENNON, Defendant-Appellant.

### No. 42970.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1981.

Robert W. Miller, Kirkwood, for defendant-appellant.

Pat L. Simons, Susman, Stern, Heifetz, Laurie Sheehan, Popkin & Chervitz, Clayton, for plaintiff-respondent.

CLEMENS, Senior Judge.

Plaintiff corporation sued defendant in conversion for $85,000 actual and $200,000 punitive damages. Plaintiff pleaded it had entrusted metal products to defendant for processing, but that defendant had secreted plaintiff's property and converted it to his own use. By his unverified answer defendant did not respond to the facts of plaintiff's petition. This, on his asserted ground answering would deprive defendant of his constitutional rights against self-incrimination.

The case came regularly on for hearing. Plaintiff appeared by counsel and a former corporate officer. He testified to the value of plaintiff's products and defendant's conversion thereof. Defendant was present by counsel and in person but offered no evi-

---

dence. The trial court rendered judgment against defendant for $85,000 actual damages and $25,000 punitive damages.

On appeal from that judgment defendant contends the trial court erred in holding plaintiff's pleaded allegations were admitted when defendant invoked his rights against self-incrimination. The court's memorandum did so state, but we examine the record to determine whether the evidence supports the judgment for plaintiff.

Defendant challenges the provision of Rule 55.09 V.A.M.R. declaring averments in a petition "are admitted when not denied in the responsive pleadings". He cites federal cases condemning a comparable rule because the rule improperly removes a plaintiff's burden to prove the truth of plaintiff's allegations. We need not rule on that argument; it is academic here. This, because plaintiff accepted that burden and proved the allegations of its petition.

The essence of cases on which defendant relies is this: A default judgment cannot be entered against a defendant who by answer pleads his right against self-incrimination. But here there was not a default judgment. Instead, the judgment was based on plaintiff's evidence. It showed defendant had converted the corporate property to his own use. Plaintiff also showed the value of the property and its damages springing from the conversion.

The record supports plaintiff's claim for damages against defendant.

Judgment affirmed.

CRIST, P.J., and REINHARD and SNYDER, JJ., concur.